WILSON TURNER KOSMO LLP
ROBIN A. WOFFORD (137919)
THERESA OSTERMAN STEVENSON (129272)
550 West C Street, Suite 1050
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
**E-mail:**  rwofford@wilsonturnerkosmo.com
**E-mail:**  tstevenson@wilsonturnerkosmo.com

Attorneys for Defendant
EQUILON ENTERPRISES LLC dba
SHELL OIL PRODUCTS US

THOMAS P. BLEAU (152945)
GENNADY L. LEBEDEV, Of Counsel (179945)
SAM HELMI (239972)
BLEAU / FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone:  (323) 874-8613
Facsimile:   (323) 874-1234
e-mail:  bleaushark@aol.com
e-mail:  glebedev@bleaufox.com
e-mail:  shelmi@bleaufox.com

Attorneys for Plaintiff and Counter-Defendant
MARILYN JO CHINIVASAGAM

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARILYN JO CHINIVASAGAM,<br><br>            Plaintiff,<br><br>       v.<br><br>EQUILON ENTERPRISES, LLC a Delaware limited liability company dba Shell Oil Products US, and DOES 1 through 10, Inclusive,<br><br>            Defendants.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 5:09-CV-03136-JW (PVT)<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**<br><br>Complaint Filed: July 10, 2009<br><br>Ct. Rm.:    8<br>Judge:       Hon. James Ware<br>M. Judge:  Hon. Patricia V. Trumbull<br>Trial Date: Not Set |

Upon agreement of counsel for Defendant Equilon Enterprises, LLC, dba Shell Oil Products US ("Equilon" or "Defendant") and Plaintiff Marilyn Jo Chinivasagam ("Plaintiff"), and deeming it just and proper to do so, IT IS HEREBY ORDERED that:

1. This Stipulation for Protective Order shall govern the use and dissemination of all information, documents, and/or materials as may be produced by the parties and/or admitted into evidence during deposition or trial within the above-captioned action.

2. Discovery in this action may involve disclosure of trade secrets, confidential research, development or commercial information, proprietary materials including manuals, business strategies, financial data, client and vendor information, marketing plans, medical information pertaining to any party, confidential employee and salary information, computer software programs, and other confidential, proprietary or non-public business, technical, employee, and financial information as is contemplated by Federal Rule of Civil Procedure 26(c)(G). This Stipulation for Protective Order shall govern the production in this action of all documents or other information through formal discovery procedures, including, without limitation, documents in written or electronic form produced as initial disclosures, in response to requests for production of documents, answers to special interrogatories, requests for admission, and deposition or other oral testimony (collectively "Discovery Materials"). This may include but shall not be limited to correspondence, memoranda, notes, deposition transcripts and exhibits, business plans, training materials, policies and procedures, financial records, personnel records, medical records, marketing materials, third-party contracts, income tax returns, sales invoices and other sales information.

3. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order or the production of any information or documents under the terms of this Protective Order or any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either party on the merits of this action or as to any objection to any discovery request.

4. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of its own information contained in its own documents and materials, regardless of whether such documents are designated Confidential by a Producing Party or any other party, except to the extent that materials designated by a Producing Party as Confidential Information in this action, but which were obtained by another party to the action ("Receiving Party") prior to the

execution of this Protective Order, shall be treated as Confidential Information by the Receiving Party and shall be subject to the terms of this Protective Order herein.

5. The term "counsel" or "attorney" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

BLEAU/FOX, a P.L.C.
3575 Cahuenga Blvd. West, Ste. 580
Los Angeles, CA 90068

WILSON TURNER KOSMO LLP
550 West C Street, Suite 1050
San Diego, California  9210

"Counsel" or "attorney" shall also include in-house attorneys for Defendants, as well as any other counsel retained in this action in the future.

## CONFIDENTIAL INFORMATION:

6. Any document, thing, material, testimony, or other information derived therefrom, and any other form of evidence which, in the good-faith opinion of the party providing such discovery material ("Producing Party"), contains any trade secret or other confidential or proprietary information or any information that involves privacy concerns regarding any third party, any party or the employee, officer, director or representative of a party may be designated by the Producing Party as "CONFIDENTIAL INFORMATION."  Confidential Information, designated as such in accordance with this Stipulation for Protective Order, shall be used by the party who has propounded the discovery request seeking the Confidential Information ("Requesting Party") only for the purposes of preparation of this matter for trial and may be disclosed or made available only to persons specified in Paragraph 9 herein.

7. Confidential Information may be identified and made subject to this Protective Order as follows:

a. With respect to documents or copies of documents provided by one party to the other, by marking the initial page and any page or pages upon which any Confidential Information appears with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

b. Testimony or information disclosed at a deposition, conference or hearing may be designated by a party as Confidential Information by indicating on the record at the

deposition, conference or hearing the specific testimony which contains Confidential Information that is to be made subject to the provisions of this Protective Order. Alternatively, a party may designate testimony or information disclosed at a deposition or other proceeding as Confidential Information by notifying all parties in writing within thirty (30) days of receipt of the transcript (or within a shorter time as agreed by the parties in the event the deposition transcript or information cannot be received thirty (30) days prior to a hearing or conference, at which a party intends to use the transcript or information), of the specific pages and lines of the transcripts that are to be designated Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Whether or not designation is made at the time of a deposition or other proceeding, all depositions or other transcripts shall be treated as Confidential Information from the taking of the deposition or other proceeding until within thirty (30) days of receipt of the transcript (or within a shorter time as agreed by the parties in the event the deposition transcript or information cannot be received thirty (30) days prior to a hearing, or conference at which a party intends to use the transcript or information), or until receipt of the notice referred to in this paragraph, whichever occurs sooner.

      c. In the case of responses to interrogatories, responses to other discovery requests, affidavits, briefs, memoranda or other papers filed with the Court, information contained therein may be designated as Confidential Information by prominently marking such papers "CONFIDENTIAL;"

      d. Tangible objects may be designated as Confidential Information by affixing to the object or its container a label or tag marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

    8. Notwithstanding the foregoing, any employee, agent, advisor, representative or person affiliated with a party who is not qualified to receive Confidential Information under Paragraph 9 herein may attend a deposition or other proceeding at which Confidential Information may be disclosed. In such event, a party seeking to designate Confidential Information must designate the specific testimony or information containing Confidential Information by indicating on the record at the deposition or other proceeding that such Confidential Information is subject to the

provisions of this Protective Order.  The party making such designation shall have the right to exclude such persons from the deposition or other proceeding only during the period any Confidential Information is disclosed or discussed.

9. Confidential Information produced pursuant to this Protective Order to Requesting Party may be disclosed or made available by that party only to:

   a. The Requesting Party (and their officers, directors, managing agents or other representatives who are engaged in or are assisting in the preparation of this action for trial or other resolution, except as otherwise provided herein), provided that it has executed this Protective Order;

   b. The Court and its officers, any special master, referee or mediator authorized to act in this proceeding;

   c. Counsel of record in this action and their employees or employee equivalents (*e.g.*, contract paralegals, copy vendors, etc.) who are assisting counsel in the preparation of this action for trial or other resolution;

   d. Independent experts or consultants retained by counsel or the Requesting Party with respect to preparation of this action for trial or other resolution, and their employees or employee equivalents who are assisting such experts or consultants with respect to the preparation of this action for trial or other resolution;

   e. Court reporters and their staff, to the extent necessary to perform their duties;

   f. A witness at any deposition or other proceeding in this action; and

   g. Any other person to whom the parties agree in writing.

10. With respect to material being designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof may be shown the same.

### **ATTORNEYS' EYES ONLY:**

11. Any Producing Party may further designate certain discovery material or testimony which contains financial information and/or corporate ownership information of a highly confidential and/or proprietary nature or employee information of a highly confidential or private nature such as employee disciplinary matters, salary information and/or other private information as

1  "ATTORNEYS' EYES ONLY" in the manner described in paragraphs 1 through 7, above, except
2  that the applicable legend for such information shall be:  "ATTORNEYS' EYES ONLY – SUBJECT
3  TO PROTECTIVE ORDER."  Attorneys' Eyes Only Material, and the information contained
4  therein, shall be disclosed only to the Court, counsel for the Requesting Party (including the
5  paralegal, clerical, and secretarial staff employed by such counsel) to the above-captioned litigation,
6  and other persons identified in Paragraph 9(d), (e), and (f) above, if the deponent is the drafter of the
7  documents or an employee of the producing party, but shall not be disclosed to the Requesting Party
8  itself, or to an officer, director or employee of Requesting Party, or anyone else unless otherwise
9  agreed to in writing or ordered.  The procedures regarding disclosure of Confidential Material at a
10 deposition set forth in Paragraph 7(b) shall apply to Discovery Material designated under this
11 paragraph.

**GENERAL PROVISIONS:**

13      12.     Material designated under this Protective Order, the information contained therein,
14 and any summaries, copies, abstracts, or other documents derived in whole or in part from
15 designated Confidential or Attorneys' Eyes Only Information, shall be used only for the purpose of
16 the prosecution, defense, or settlement of this action, and for no other purpose.

17      13.     A copy of this Protective Order shall be served with any subpoena or deposition
18 notice compelling the production of documents or information from any third party.

19      14.     A condition precedent to disclosure of any Confidential or Attorneys' Eyes Only
20 Information to any experts or consultants as provided for in Paragraph 9(d) or any Confidential
21 Information to any witness provided for pursuant to Paragraph 9(f) or the person whom the parties
22 agree may receive information under Paragraph 9(g) is that person must:  (a) acknowledge receipt of
23 this Protective Order; (b) agree to be bound thereby; (c) agree to use such information and materials
24 solely for this litigation; (d) agree not to disclose any such information or materials to any other
25 person, firm, or concern; and (e) agree never to use the information, directly or indirectly, in
26 competition with the party that disclosed it nor allow any other person to do so.

27      15.     Each expert or consultant to whom Confidential or Attorneys' Eyes Only Information
28 is to be provided pursuant to Paragraph 9(d), each witness to whom Confidential Information is to be

provided pursuant to Paragraph 9(f) and each person to whom the parties may agree pursuant to Paragraph 9(g) shall execute a declaration acknowledging the foregoing in the form set forth as follows:

**<u>AGREEMENT TO COMPLY WITH PROTECTIVE ORDER</u>**

I declare under penalty of perjury under the laws of the United States of America and the State of California that I have read and agree to comply with and be bound by the terms of the Protective Order entered on _____, 2010, in <u>Marilyn Jo Chinivasagam v. Equilon Enterprises, LLC, dba Shell Oil Products US, et al.</u>, United States District Court for the Northern District of California, Case No. 5:09-CV-03136-JW (PVT) [Docket ____.] I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Date: _____       _____
                                Signature

                                _____
                                Print Name

16. Counsel for the party obtaining a person's signature pursuant to the form described in Paragraph 15 shall retain the original signed and dated acknowledgment.

17. If a "Receiving Party" (a party who has received disclosures or discovery material from a Producing Party) is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," the Receiving Party must so notify the "Designating Party" (the party that designates the information as "CONFIDENTIAL") in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to

protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material -- and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

18. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Absent a court order with regard to a specific document, all documents submitted to the court in connection with any kind of motion, application, petition, or other pretrial proceeding must be *filed,* not lodged.

19. Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel, in accordance with the United States District Court, Northern District of California Local Rule 79.5.  In the event a party wishes to have documents filed under seal, that party shall also take all reasonable steps to preserve the continued confidentiality of that material.

20. If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the document.  The document shall be titled to show that it corresponds to an item filed under seal, *e.g.*, "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.  Any documents to be filed under seal must be limited to only those documents, or portions thereof, necessary to protect such sensitive information.

21. Confidential or Attorneys' Eyes Only Information obtained from a Producing Party pursuant to pretrial discovery in this action, may be used and disclosed only for purposes of this action.  No person or party shall make any other use of any such Information, including, but not limited to, use for commercial or competitive purposes or use in any other legal proceeding, except

as permitted by a Court order. All Confidential Information shall be held in confidence by those inspecting or receiving it. Counsel for each party, and each person receiving Confidential Information, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

22. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like, designated as Confidential or Attorneys' Eyes Only Information is in fact confidential or a trade secret; (b) with respect to the competency, relevance, materiality, or admissibility of any such information, document or the like; (c) that any document or information is subject to production.

23. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information or Attorneys' Eyes Only Information. The party objecting to the designation shall notify counsel for the designating party and identify in writing with reasonable specificity, the objected-to materials and the grounds for the objection. The parties shall attempt to resolve any such dispute by meeting and conferring. If the dispute is not resolved by stipulation between the parties within ten (10) business days of receipt of such a notice of objections, the objecting party may apply to the Court for a determination of the issue. The materials at issue shall be treated as Confidential Information or Attorneys' Eyes Only Information, as designated by the designated party, until the Court has ruled on the objection or the matter has otherwise been resolved.

24. The inadvertent or unintentional failure by a Producing Party to designate specific documents or materials as containing Confidential or Attorneys' Eyes Only Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

25. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

26. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the Producing Party, return all Confidential or Attorneys' Eyes Only Information to the Producing Party, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the producing party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential or Attorneys' Eyes Only Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work product materials that contain Confidential or Attorneys' Eyes Only Information need not be destroyed, but if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

27. If a party believes that a witness or other person or entity already has or has obtained legitimate possession of Confidential or Attorneys' Eyes Only Information, the party shall seek the Designating Party's written permission, or a court order, allowing the party or counsel to discuss the information with that individual or entity.

28. Transmission by both facsimile and overnight mail is acceptable for all notification purposes herein.

29. This Stipulation for Protective Order may be modified by agreement of the parties, subject to approval by the Court.

30. This Stipulation for Protective Order has been entered into by the parties to facilitate discovery and production of relevant evidence in this action. Neither the entry into this Stipulation for Protective Order nor the designation of any information or document, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

31. This Stipulation for Protective Order is without prejudice to the right of the parties to this litigation to seek relief from the Court, upon good cause shown, from any of the restrictions

provided above or to impose additional restrictions on the disclosure of any information or material produced.

32. Confidential information or documents shall remain subject to this Protective Order throughout the trial and any appeal of this action. However, the procedures for filing Confidential documents and information as set forth in this Stipulation for Protective Order shall not apply to the introduction or presentation of evidence at the trial of this matter. The parties shall meet and confer regarding a procedure at trial for maintaining the confidentiality of Confidential and Attorneys' Eyes Only Information and shall enter a new Protective Order in that regard and will, if necessary, seek the Court's assistance for the same.

33. The provisions of this Stipulation for Protective Order are subject to further court order, based upon public policy and other considerations.

We hereby stipulate to the entry of the foregoing Order.

IT IS SO STIPULATED.

Dated: February 24, 2010_     **WILSON TURNER KOSMO LLP**

By:   /s/ THERESA OSTERMAN STEVENSON
      ROBIN A. WOFFORD
      THERESA OSTERMAN STEVENSON
      Attorneys for Defendant and Counter Claimant
      EQUILON ENTERPRISES LLC DBA SHELL
      OIL PRODUCTS US

Dated: February 22, 2010     **BLEAU/FOX, a P.L.C.**

By:   /s/THOMAS P. BLEAU
      THOMAS P. BLEAU
      GENNADY L. LEBEDEV
      SAM HELMI
      Attorneys for Plaintiff and Counter Defendant
      MARILYN JO CHINAVASAGAM.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:     4/30/10          By: /s/ Patricia V. Trumbull
                                 HONORABLE PATRICIA V. TRUMBULL
                                 United States Magistrate Judge